IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CASE NO.: 2:22-cr-26-53 |
| BLAKE K. SCREEN, | |
| Defendant. | |

### REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion for Psychiatric Exam.  Doc. 2359.  The Court held a hearing on this motion on February 13, 2024.  Doc. 2376.  After this hearing, Kristin Conlon, Psy. D., Forensic Unit Psychologist, conducted a psychiatric evaluation of Defendant and authored a report ("the Psychiatric Report") summarizing her findings.  Doc. 2572.  The parties have now filed a Joint Stipulation as to Defendant Blake K. Screen's Competency, in which the parties stipulate to Dr. Conlon's conclusions that Defendant is competent to stand trial, and Defendant did not suffer from a mental disease at the time of the alleged offenses that would render Defendant unable to appreciate the nature and quality of the wrongfulness of his actions.  Doc. 2578.

Based on the entire record in this case, including the Psychiatric Report, I find Mr. Screen is capable of understanding the charges against him and meaningfully consulting with his attorney about his defense.  Additionally, I find that Mr. Screen was responsible for his behavior at the time of the alleged offense.  Therefore, I **RECOMMEND** the Court find that Defendant

Screen is competent to stand trial and proceed with this case and was sane at the time of the alleged offense.

## BACKGROUND

The United States charges Mr. Screen by way of Indictment with Count One: Conspiracy to Possess with Intent to Distribute and to Distribute a Controlled Substance, 21 U.S.C. § 846; and Count Thirty-Seven: Possession of a Controlled Substance with Intent to Distribute (Fentanyl), 21 U.S.C. § 841(1)(1).  Mr. Screen appeared for his initial appearance and arraignment on January 19, 2023.  On January 29, 2024, Defendant filed a Motion for Psychiatric Exam.  Doc. 2359.  In addition, Defendant filed a Notice of Intent to Assert Insanity Defense.  Doc. 2397.  The Court conducted a hearing on the Motion on February 13, 2024.  After hearing from the parties, the Court ordered Defendant committed to BOP for a psychological examination.  Specifically, the Court issued an order based on 18 U.S.C. § 4247(b) and (c) granting Defendant's Motion for Competency Evaluation and ordering that Mr. Screen be evaluated by a psychiatrist or psychologist.  Doc. 2405.

Pursuant to the Court's Order for Psychological Examination, Dr. Kristin Conlon, Clinical Psychologist, for the Bureau of Prisons at the Metropolitan Correctional Center in Chicago, Illinois, evaluated Mr. Screen from approximately April 18, 2024 to April 25, 2024 and provided a report of her evaluation to the Court.  Doc. 2572.  In her report, Dr. Conlon explained that, based on her evaluation, she is of the opinion that Defendant is competent in that Defendant can understand the nature and consequences of the proceedings against him and assist properly in his defense.  Dr. Conlon is of the opinion, as stated in her report, that Defendant is competent to

stand trial. Dr. Conlon also expressed the opinion that Defendant was responsible for her behavior at the time of the offense, and, therefore, he was sane at the time of the alleged offense.

Following review of Dr. Conlon's report, the parties filed a Stipulation to Competency, doc. 2578, stipulating to the findings in Dr. Conlon's report that Defendant does not suffer from a mental disease or defect that renders him unable to understand the nature and consequences of the proceedings against him, and further stipulating that Defendant was sane at the time of the offense and that Defendant is currently competent to proceed in this case.

## DISCUSSION

"[C]ompetence is the base upon which other constitutional rights balance[.]" United States v. Wingo, 789 F.3d 1226, 1228 (11th Cir. 2015); see also Cooper v. Oklahoma, 517 U.S. 348, 354(1996) (The United States Supreme Court has "repeatedly and consistently recognized that the criminal trial of an incompetent defendant violates due process.") (internal quotation and citation omitted); Eddmonds v. Peters, 93 F.3d 1307, 1314 (7th Cir. 1996) ("The Constitution forbids trial of one who, for whatever reason, is unfit to assist in his own defense because our adversarial system of justice depends on vigorous defenses.").

Incompetency means "suffering from a mental disease or defect rendering [the defendant] mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). A defendant is not entitled to a presumption of incompetency, and he assumes the burden of proof to establish his incompetency by a preponderance of the evidence. Cooper, 517 U.S. at 355; Battle v. United States, 419 F.3d 1292, 1298 (11th Cir. 2005). The legal test for competency is "whether the defendant 'has sufficient present ability to consult with his lawyer with a

reasonable degree of rational understanding' and has 'a rational as well as factual understanding of the proceedings against him.'" Godinez v. Moran, 509 U.S. 389, 396 (1993) (quoting Dusky v. United States, 362 U.S. 402 (1960)); see also United States v. Cruz, 805 F.2d 1464, 1479 (11th Cir. 1986).

"[N]ot every manifestation of mental illness demonstrates incompetence to stand trial; rather, the evidence must indicate a present inability to assist counsel or understand the charges." Medina v. Singletary, 59 F.3d 1095, 1107 (11th Cir. 1995). Thus, "the mere presence of a mental disease or defect is not sufficient to render a defendant incompetent . . . ." United States v. Rothman, No. 08-20895-CR, 2010 WL 3259927, at *7 (S.D. Fla. Aug. 18, 2010) (citing United States v. Liberatore, 856 F. Supp. 358, 360 (N.D. Ohio 1994)). "Incompetency to stand trial is not defined in terms of mental illness. As such, a defendant can be competent to stand trial despite being mentally ill and similarly a defendant can be found incompetent to stand trial without being mentally ill." United States v. Williams, No. 5:06-cr-36, 2007 WL 1655371, at *5 (M.D. Fla. June 7, 2007) (internal citation and quotation marks omitted).

After an extensive evaluation, Dr. Conlon formed the opinion that Mr. Screen is competent to stand trial in this case. Dr. Conlon reached this conclusion after observing and speaking with Mr. Screen, reviewing his medical records and criminal history, and conducting various tests. There is no evidence in the record that contradicts Dr. Conlon's conclusions. Indeed, at this point, neither Mr. Screen nor the Government dispute Mr. Screen's competency. While the undersigned had reasonable cause to believe Mr. Screen may have suffered from a mental disease or defect at the time I ordered Mr. Screen's competency evaluation, Dr. Conlon's thorough evaluation and the lack of any contradictory evidence have removed any concerns or

doubt about Mr. Screen's competency.  The undersigned agrees with Dr. Conlon's conclusion that Mr. Screen understands the nature and consequences of the charges against him, can properly assist in his defense, and, therefore, is competent to stand trial.  Additionally, I agree with Dr. Conlon's conclusion that Mr. Screen was responsible for his behavior at the time of the offense.  I, therefore, **RECOMMEND** the Court find that Mr. Screen is competent to stand trial and was sane at the time of the offense.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court find that Mr. Screen is competent to stand trial and was sane at the time of the offense and conclude that this matter may proceed to trial.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered.  Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.  The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not

meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 3rd day of July, 2024.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA